HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
GREGORY R. MICHAEL (SBN: 306814)
gmichael@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiffs, Class, Subclass, and FLSA Collective

Loren Kieve (SBN: 56280)
KIEVE LAW OFFICES
2655 Steiner Street
San Francisco, CA 94115
415.364.0060
lk@kievelaw.com

Attorney for Defendants Jose M. Plehn-Dujowich and BizQualify LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **QIUZI HU**, an individual, **EDWIN RAMIREZ**, an individual, **IVAN RONCERIA**, an individual, **WENZHI FEI**, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**JOSE M. PLEHN-DUJOWICH, a.k.a. JOSE M. PLEHN**, an individual; **BIZQUALIFY LLC**, a California limited liability company; and **POWERLYTICS, INC.**, a Delaware corporation,<br><br>Defendants. | Case Number: 3:18-cv-01791-EDL<br><br>Honorable Elizabeth D. Laporte<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:        October 1, 2019<br>Time:       9:00 a.m.<br>Courtroom: E |



PLEASE TAKE NOTICE that on October 1, 2019, at 9:00 a.m., before the Honorable Elizabeth D. Laporte in Courtroom E of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Qiuzi Hu, Edwin Ramirez, Ivan Ronceria, and Wenzhi Fei (collectively, "Class Representatives"), on behalf of themselves and the Class, Subclass, and FLSA Collective, and Defendants Jose M. Plehn-Dujowich and BizQualify LLC (collectively, "Defendants;" Class Representatives and Defendants are hereinafter the "Parties") will and hereby jointly move the Court for an order preliminarily approving the Parties' Stipulation of Class Action Settlement and Release of Claims ("Class Settlement Agreement," "Class Settlement," or "Settlement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. A copy of the Class Settlement Agreement is filed herewith as **Exhibit A**.

1. On March 22, 2018, Class Representatives initiated this Class and Collective Action against Defendants, asserting various federal and state claims arising from, *inter alia*, Class Representatives' enrollment in Defendants' online course, the Global Financial Data Project (the "GFDP"), and Defendants' advertising of, recruitment to, and performance during and after the same. Dkt. 1.

2. Class Representatives filed their operative First Amended Class and Collective Action Complaint ("FAC") against Defendants and Powerlytics, Inc., on July 31, 2018, alleging claims for: (1) Failure to Pay Minimum Wage (29 U.S.C. § 201 *et seq.*); (2) Failure to Pay Minimum Wage (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1); (3) Failure to Provide Accurate Wage Statements (Cal. Lab. Code § 226); (4) Failure to Reimburse Required Business Expenses (Cal. Lab. Code § 2802); (5) Failure to Pay Earned Wages Upon Discharge (Cal. Lab. Code §§ 201-203); (6) False Advertising (Cal. Bus.& Prof. Code § 17500); (7) Unfair Competition (Cal. Bus.& Prof. Code § 17200); (8) Violation of Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*); (9) Fraud (Cal. Civ. Code §§ 1709,1710); (10) Negligent Misrepresentation (Cal. Civ. Code § 1710(2)); (11) Breach of Implied Contract; (12) Quantum Meruit; and (13) Civil Theft (Cal. Pen. Code § 496). Dkt. 40.[1]

---

[1] On February 19, 2019, the Court granted Class Representatives' stipulated request to voluntarily dismiss all claims against Powerlytics, Inc. Dkt. 76.



3.     Defendants failed to timely respond to the FAC and the Court entered default against Defendants on September 13, 2018. Dkt. 52.

4.     On February 25, 2019, being so moved by Class Representatives, the Court conditionally certified this Action as a Collective Action under the Federal Fair Labor Standards Act ("FLSA"), and certified the Class and California Subclass, defined as follows (Dkt. 80):

> **FLSA Collective**: All persons who enrolled in the Global Financial Data Project ("GFDP") while residing in, or who performed work for the project in, the United States or any territory of possession of the United States.
>
> **Class**: All persons who enrolled in the GFDP. Excluded from the Class are Defendants' officers and directors and the immediate families of the Defendants' officers and directors. Also excluded from the Class are the Defendants' legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or have had a controlling interest.
>
> **California Subclass**: All members of the Class who resided in California during any portion of their participation in the GFDP, and/or who performed work in California for the GFDP, at any point.

5.     On March 5, 2019, Defendants filed a motion to set aside the defaults entered against them, and requested a stay of the proceedings pending a settlement conference, which motion Class Representatives opposed. Dkts. 83, 87, 88.

6.     On March 6, 2019, the Court issued an Order Rescinding Authorization to Disseminate Class Notices in light of Defendants' motion to set aside the defaults. Dkt. 84.

7.     The Court held a hearing on Defendants' motion to set aside the defaults on April 9, 2019, took Defendants' motion under submission, and referred this matter to Chief Magistrate Judge Joseph C. Spero for a settlement conference to be held on April 23, 2019.

8.     Following an arm's-length negotiation, and with the assistance of Judge Spero, the Parties reached terms of settlement at the April 23, 2019 settlement conference. The Parties thereafter entered into the Class Settlement Agreement. Ex. A. The Parties now request that the Court preliminarily approve the proposed Class Settlement.

//



9. The proposed Class Settlement Agreement defines the Settlement Class as "all Class Members," including Class Representatives, who do not opt out of the settlement (Ex. A, p. 10):

> **Settlement Class**: All Class Members, including Class Representatives, who do not exclude themselves from the Class or Settlement Class, pursuant to the procedures set forth in Section 6.3 of the Settlement Agreement and the Class Notice.

10. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case, and preliminary approval of the Settlement is in the best interests of the Settlement Class Members. In return for a release of the Settlement Class Members' claims, Defendants have agreed to pay a sum of up to $695,000 into a Settlement Fund, comprised of the following:

   a. $375,000 in exchange for a general release of all claims by the Settlement Class;
   b. Up to $20,000, in an amount to be determined by the Court, as incentive awards to Class Representatives;
   c. Up to $300,000, in an amount to be determined by the Court, as payment for the reasonable attorneys' fees, costs, and expenses incurred by the Settlement Class, which funds are to be paid to Class Counsel.

11. As this Court has previously explained, "[a]t the preliminary approval stage, the Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011); *see also* A. Conte & H.B. Newberg, Newberg on Class Actions, §11.25 (4th ed. 2002); *Armstrong v. Bd. Of School Dir. Of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980); *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 205 (5th Cir. 1981); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

12. Here, the proposed Class Settlement reached between the Parties more than satisfies this standard. Preliminary approval will not foreclose on interested persons objecting to the proposed settlement and voicing any dissent.



13. Class Representatives file herewith their Memorandum of Points and Authorities in Support of the Joint Motion for Preliminary Approval of Class Action Settlement, as well as a supporting declaration from Class Counsel. Defendants are not submitting a memorandum.

WHEREFORE, the Parties respectfully request that the Court:

(1) amend the February 25, 2019 Order certifying the Class (Dkt. 80), by certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3), for settlement purposes, only;

(2) enter an Order granting preliminary approval of the Class Settlement Agreement (**Exhibit A**), and directing Class Counsel, in its capacity as Settlement Administrator, to disseminate the Notice of Class Action Settlement, Claim Form, and Opt-Out Form filed herewith as **Exhibits B, C, and D**, to the Settlement Class by email and, where possible, mail;

(3) schedule a Final Approval Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Class Settlement, and to set the amounts to be paid by Defendants in the form of incentive awards to Class Representatives and reasonable attorneys' fees, costs, and expenses to Class Counsel.

Respectfully submitted,

Date: August 10, 2019        DHILLON LAW GROUP INC.

By: /s/ Harmeet K. Dhillon
Harmeet K. Dhillon (SBN: 207873)
Krista L. Baughman (SBN: 264600)
Gregory R. Michael (SBN: 306814)

Attorneys for Plaintiffs, Class, Subclass, and FLSA Collective

Date: August 10, 2019        KIEVE LAW OFFICES

By: /s/ Loren Kieve
Loren Kieve (SBN: 56280)

Attorney for Defendants Jose M. Plehn-Dujowich and BizQualify LLC



**ATTESTATION PER L.R. 5-1**

I, Harmeet K. Dhillon, hereby attest, pursuant to Local Rule 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto:

Dated: August 10, 2019 By: /s/ Harmeet K. Dhillon
Harmeet K. Dhillon (SBN: 207873)