UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

QIUZI HU, et al.,

Plaintiffs,

v.

JOSE M. PLEHN-DUJOWICH, et al.,

Defendants.

Case No.18-cv-01791-EDL

**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Re: Dkt. No. 99

Plaintiffs Qiuzi Hu, Edwin Ramirez, Ivan Ronceria, and Wenzhi Fei ("Plaintiffs" or "Class Representatives") and Defendants Jose M. Plehn-Dujowich and BizQualify LLC's ("Defendants") Joint Motion for Preliminary Approval of Class Action Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure came on for hearing on **September 10, 2019**, in this Court. The terms of the settlement are set forth in the Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement" or "Class Settlement") filed as Exhibit A to the Joint Motion.

The Court has preliminarily considered the Class Settlement to determine, among other things, whether to certify a class for settlement purposes only, and whether the Class Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the Settlement Agreement and motion papers relating to the request for preliminary approval of the Class Settlement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Class Findings**: The Court amends its prior certification of the Class[1] (Dkt. 80) to define the settlement class ("Settlement Class") under Fed. R. Civ. P. 23(b)(3) in this litigation, for settlement purposes only, as follows:

[1] The Class is defined as follows:

**Settlement Class**: All Class Members, including Class Representatives, who do not exclude themselves from the Class or Settlement Class, pursuant to the procedures set forth in Section 6.3 of the Settlement Agreement and the Class Notice.

2. **Appointment of Class Representatives and Class Counsel**: The Court continues the appointment of the Class Representatives to represent the Settlement Class, and Dhillon Law Group Inc. as Class Counsel pursuant to Fed. R. Civ. P. 23(e) and (g).

3. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds the following:

a. The proposed Class Settlement resulted from arm's-length negotiations;

b. The Settlement Agreement was executed only after Class Counsel had conducted substantial discovery, including by taking discovery from third-parties, deposing Defendant Plehn-Dujowich, and obtaining relevant documents;

c. Class Counsel has concluded that the Class Settlement is fair, reasonable, and adequate; and

d. The Class Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Class Settlement to the Settlement Class.

4. **Final Approval Hearing**: A hearing is hereby set for **February 11, 2020** (the "Final Approval Hearing") to determine, among other things:

a. Whether the Class Settlement should be approved as fair, reasonable, and adequate;

b. Whether the notice and dissemination thereof was performed fairly, as directed by this Court;

c. Whether the motion for attorneys' fees and costs, to be filed by Class Counsel no later than **November 18, 2019**, before the Final Approval Hearing, should be approved, and in what amount; and

---

"All persons who enrolled in the [GFDP]. Excluded from the Class are Defendants' officers and directors and the immediate families of the Defendants' officers and directors. Also excluded from the Class are the Defendants' legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or have had a controlling interest." Dkt. 80.

d. Whether the motion for compensation to Class Representatives should be approved, and in what amount.

**The Parties shall file the Motion for Final Approval of Class Settlement by January 21, 2020.**

5. **Settlement Administrator**: Pursuant to the Settlement Agreement, Class Counsel shall serve as Settlement Administrator and perform all duties required of it by the Settlement Agreement, absent any further order from this Court.

6. **Class Notice**: The Court finds that the proposed form of Class Action Settlement Notice filed by the Parties with their motion as Exhibit B, fairly and adequately:

a. Describes the terms and effect of the Settlement Agreement;

b. Notifies the Settlement Class of their opportunity to submit a claim pursuant to the terms of the Settlement Agreement;

c. Notifies the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives and for attorneys' fees, costs, and expenses;

d. Gives notice to the Settlement Class of the time and place of the Final Approval Hearing; and

e. Describes how recipients of the notice may submit a claim for compensation, object to any of the relief requested, or opt-out of the Settlement Class entirely.

The Parties have proposed giving Settlement Class Members notice **by October 21, 2019,** via email and WeChat, a Chinese messaging and social media platform, because that is how Defendants communicated with the members of the Settlement Class. The Parties also offer to provide notice by physical mail to all Settlement Class Members with a known mailing address, which the Court requires them to do.

The Court approves the proposed manner of notice. Accordingly, Class Counsel, acting as Settlement Administrator, shall, within thirty days of this Order, cause the Class Action Settlement Notice, with such non-substantive modifications thereto as may be agreed by the Parties, to be provided to the Settlement Class in the manner set forth above and in the Settlement Agreement.

7. **Objections to Settlement**: Any member of the Settlement Class may file an Objection **by December 20, 2019**, for the purposes of objecting to the fairness, reasonableness, or

adequacy of the Class Settlement; to any term of the Settlement Agreement; to the proposed award of attorneys' fees and costs; and/or to any request for compensation for the Class Representatives. An objector wishing to make an objection shall satisfy all obligations set forth in section 6.4 of the Settlement Agreement. Any Settlement Class Member wishing to object and/or appear who fails to follow the procedures set forth therein may, in the Court's discretion, be precluded from doing so. The addresses for filing objections with the Court and service on counsel are as follows:

| Court | Class Counsel / Settlement Administrator | Defendants' Counsel |
|---|---|---|
| Class Action Clerk<br>United States District Court,<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>United States of America | DHILLON LAW GROUP INC.<br>Harmeet K. Dhillon, Esq.<br>Krista L. Baughman, Esq.<br>Gregory R. Michael, Esq.<br>177 Post Street, Suite 700<br>San Francisco, CA 94108<br>United States of America<br>Tel: +1 (415) 433-1700<br>Fax: +1 (415) 520-6593<br>GFDPsettlement@dhillonlaw.com; | Loren Kieve, Esq.<br>KIEVE LAW OFFICES<br>2655 Steiner Street<br>San Francisco, CA 94115<br>United States of America<br>Tel: 415.364.0060<br>lk@kievelaw.com |

All objections must be filed with the Court, which may be accomplished by mailing the objection to the above-listed Court address, and served on counsel no later than sixty days after the Class Action Settlement Notice is served on the objector. Any party wishing to file a response to any objection may do so. All such responses must be filed and served on all counsel listed above no later than ten days before the Final Approval Hearing.

8. **Opting Out from the Settlement Class**: Any Settlement Class Member may opt out of the Settlement Class by submitting a signed Opt-Out Notice to the Settlement Administrator at the address set forth in the Class Action Settlement Notice. To be valid, the Opt-Out Notice must substantially comply with the requirements of section 6.3 of the Settlement Agreement. Upon signing and mailing a valid Opt-Out Notice, the Class Member shall no longer be deemed a Settlement Class Member and shall not be entitled to receive any benefit from the Class Settlement.

9. **Claim Form Submission**: Each Settlement Class Member shall be entitled to submit one claim for a cash payment pursuant to the terms of the Settlement Agreement. Any claim that

does not substantially comply with the requirements set forth in section 8 of the Settlement Agreement and the Class Action Settlement Notice will be deemed invalid. All valid claim forms must be received by the Settlement Administrator **by December 20, 2019**.

10. **Termination of Settlement:** If the Class Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as though the Parties never executed the Settlement Agreement.

11. **Continuance of Final Approval Hearing:** The Court reserves the right to continue the Final Approval Hearing without further written notice to the Settlement Class Members.

12. **Partial Stay of Action:** The Court stays all proceedings in this Action unrelated to the Class Settlement and pending final approval of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: September 16, 2019

ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
Northern District of California