| | |
|---|---|
| 1 | HARMEET K. DHILLON (SBN: 207873) |
| 2 | harmeet@dhillonlaw.com |
|   | KRISTA L. BAUGHMAN (SBN: 264600) |
| 3 | kbaughman@dhillonlaw.com |
|   | GREGORY R. MICHAEL (SBN: 306814) |
| 4 | gmichael@dhillonlaw.com |
|   | DHILLON LAW GROUP INC. |
| 5 | 177 Post Street, Suite 700 |
| 6 | San Francisco, California 94108 |
|   | Telephone: (415) 433-1700 |
| 7 | Facsimile: (415) 520-6593 |
| 8 | Attorneys for Plaintiffs and Settlement Class |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **QIUZI HU**, an individual, **EDWIN RAMIREZ**, an individual, **IVAN RONCERIA**, an individual, **WENZHI FEI**, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**JOSE M. PLEHN-DUJOWICH, a.k.a. JOSE M. PLEHN**, an individual; **BIZQUALIFY LLC**, a California limited liability company; and **POWERLYTICS, INC.**, a Delaware corporation,<br><br>Defendants. | Case Number: 3:18-cv-01791-JCS<br><br>Honorable Joseph C. Spero<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 14, 2020<br>Time: 2:00 p.m.<br>Courtroom: G |



Plaintiffs' Motion for Final
Approval of Class Action Settlement

Case No. 3:18-cv-01791-JCS

# TABLE OF CONTENTS

| | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| I. INTRODUCTION | 2 |
| II. NATURE OF THE CASE | 2 |
|     A. Factual Background | 2 |
|     B. Procedural History | 3 |
| III. THE SETTLEMENT PROVIDES SUBSTANTIAL RELIEF TO THE CLASS | 5 |
|     A. Settlement Consideration | 5 |
|     B. Notice to the Settlement Class | 7 |
|     C. Claim Submission, Allocation, and Payment of Settlement Funds | 7 |
|     D. Settlement Administration | 9 |
|     E. Incentive Payments, Attorneys' Fees, and Costs | 9 |
|     F. *Cy Pres* | 10 |
| IV. ARGUMENT | 10 |
|     A. The Settlement Class Should Be Certified. | 10 |
|     B. The Settlement Is Fair, Reasonable, and Adequate. | 11 |
|         1. Class Representatives' assert meritorious claims. | 11 |
|         2. Proceeding with litigation would be risky and delay recovery. | 12 |
|         3. The Settlement is substantial and will provide all claimants with more than a full refund of their "course fees" | 13 |
|         4. The proceedings are sufficiently advanced to permit final approval of the Settlement, which is also favored by experienced and skilled Class Counsel | 13 |
|         5. The Parties provided notice of the proposed Settlement to all appropriate governing bodies. | 14 |
|         6. The reactions of Class Members have been entirely positive. | 14 |
|         7. The Settlement is the Product of Serious, Informed, and Arm's-Length Negotiations | 14 |
|     C. Notice to the Settlement Class Has Satisfied the Requirements of Rule 23 | 15 |
| V. CONCLUSION | 15 |



# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Churchill Village, L.L.C. v. General Electric*,
  361 F.3d 566 (9th Cir. 2004) ............................................................................................... 11

*Evans v. Linden Research, Inc.*,
  No. C-11-01078 DMR, 2014 WL 1724891 (N.D. Cal. Apr. 29, 2014) ................................ 15

*Fuentes v. Compadres, Inc.*,
  No. 17-cv-01180-CMA-MEH, 2018 WL 2126840 (D. Colo. May 9, 2018) ........................ 15

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .............................................................................................. 11

*Harris v. Vector Mktg. Corp.*,
  No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) .................................. 15

*Kim v. Euromotors W./The Auto Gallery*,
  149 Cal. App. 4th 170 (2007). ............................................................................................. 12

*Lewis v. Wells Fargo & Co.*,
  669 F. Supp. 2d 1124 (N.D. Cal. 2009) ............................................................................... 15

*Noll v. eBay, Inc.*,
  309 F.R.D. 593 (N.D. Cal. 2015) ......................................................................................... 15

*Rodriguez v. W. Publishing*,
  563 F.3d 948 (9th Cir. 2009) ................................................................................................ 15

*Woods v. Vector Mktg. Corp.*,
  No. C-14-0264 EMC, 2015 WL 1198593 (N.D. Cal. Mar. 16, 2015) ................................. 15

### STATUTES

Cal. Civ. Code § 1780(e). ........................................................................................................... 12

Cal. Pen. Code § 496(c). ............................................................................................................ 12

### RULES

Fed. R. Civ. P. 12(b)(6). .............................................................................................................. 3

Fed. R. Civ. P. 23 ........................................................................................................................ 1

Fed. R. Civ. P. 23(e)(3). ............................................................................................................. 11



# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 14, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Joseph C. Spero in Courtroom G of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, California, Plaintiffs Qiuzi Hu, Edwin Ramirez, Ivan Ronceria, and Wenzhi Fei (collectively, "Class Representatives"), on behalf of themselves and the Settlement Class will and hereby move the Court for an order granting final approval of the Parties' Stipulation of Class Action Settlement and Release of Claims ("Class Settlement Agreement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Dkt. 99-1.[1]

This Motion is brought pursuant to the Class Settlement Agreement and Rule 23 of the Federal Rules of Civil Procedure, and is based on this notice, the supporting Memorandum of Points and Authorities, the supporting declarations filed herewith, and the pleadings and papers on file in this action and any other matter of which this Court may take notice.

Respectfully submitted,

Date: January 24, 2020　　　　　　　　　DHILLON LAW GROUP INC.

By: /s/ Harmeet K. Dhillon
　　Harmeet K. Dhillon (SBN: 207873)
　　Krista L. Baughman (SBN: 264600)
　　Gregory R. Michael (SBN: 306814)

　　Attorneys for Plaintiffs and Settlement Class

---

[1] The unredacted Class Settlement Agreement was filed under seal with the Court on August 9, 2019. Dkts. 100-4, 108.



Plaintiffs' Motion for Final　　　　　　　　　　　　　　　　　　　　Case No. 3:18-cv-01791-JCS
Approval of Class Action Settlement

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

This Class Settlement arises from Defendants Jose M. Plehn-Dujowich and BizQualify, LLCs' ("Defendants") alleged fraudulent misrepresentations to approximately 240 persons, primarily university students, inducing the students to enroll in Defendants' online Global Financial Data Project ("GFDP"), which Defendants falsely advertised as being operated by the University of California. An estimated 140 individuals paid $2,413 each (and sometimes more) to enroll in the GFDP, only later to find out that the GFDP was not what Defendants professed it to be.

The proposed Settlement is an excellent result for the Settlement Class. It was arrived at after substantial litigation, and through arm's length negotiations facilitated by the Court. The Settlement guarantees a complete reimbursement of the "course fees" paid to Defendants by each of 130 Settlement Class Members who submitted a valid Claim, plus approximately $450, each. All of these payment obligations are to be secured by a Joint Stipulation for Conditional Entry of Final Judgment in the amount of $1,000,000, and a Stock Pledge and Security Agreement signed by Dr. Plehn-Dujowich.

The Settlement Class has expressed overwhelming support for the Settlement. Indeed, of the approximately 240 Settlement Class Members, not one has objected to the Settlement or requested to opt out of the Settlement, despite ample opportunity to do so.

The risks of continued litigation and recovery efforts favor approval of this proposed Settlement. If litigation had continued, Class Representatives would have faced significant legal challenges, particularly with respect to the novel employment claims asserted in this action. In light of these and other hurdles, the relief provided by the proposed Settlement is truly exceptional. For these reasons, Class Representatives respectfully request that the Court enter an order granting final certification of the Settlement Class and final approval of the Class Settlement.

II. **NATURE OF THE CASE**

   A.  **Factual Background**

Between July 2016 to April 2017, the Settlement Class Members (approximately 240 individuals), including Class Representatives, enrolled in Defendants' online educational program,

the GFDP. Zhang Declaration ISO Class Certification Motion (Dkt. 60-12) ("Zhang Class Decl."), ¶¶3-5; Fei Declaration ISO Class Certification Motion (Dkt. 60-8) ("Fei Class Cert. Decl."), ¶3; Hu Declaration ISO Class Certification Motion (Dkt. 60-9) ("Hu Class Cert. Decl."), ¶3; Ramirez Declaration ISO Class Certification Motion (Dkt. 60-10) ("Ramirez Class Cert. Decl."), ¶3; Ronceria Declaration ISO Class Certification Motion (Dkt. 60-11) ("Ronceria Class Cert. Decl."), ¶3; Dhillon Declaration ISO Class Certification Motion (Dkt. 60-2) ("Dhillon Class Cert. Decl. "), ¶¶6-12.

Defendants advertised the GFDP as being operated by the University of California ("UC"); it was not. Zhang Class Cert. Decl., Exs. 1-2; Hu Class Cert. Decl., ¶3; Ramirez Class Cert. Decl., ¶3; Ronceria Class Cert. Decl., ¶3; Fei Class Cert. Decl., ¶3. Despite approximately 140 Settlement Class Members paying $2,413 (and sometimes more) in the form of a "course fee," and committing substantial time and effort to Defendants' program, Defendants failed to provide the promised educational instruction, UC course certifications, or letters of recommendation. Dhillon Class Cert. Decl., ¶10; Zhang Class Cert. Decl., ¶5, Exs. 1-2; Hu Class Cert. Decl., ¶¶3-9; Ramirez Class Cert. Decl., ¶¶3-9; Ronceria Class Cert. Decl., ¶¶3-9; Fei Class Cert. Decl., ¶¶3-9. This Action followed.

**B.     Procedural History**

Class Representatives initiated this Action on March 22, 2018, asserting individual and putative class and collective action claims against Dr. Plehn-Dujowich and BizQualify. Dkt. 1. On June 29, 2018, Dr. Plehn-Dujowich and BizQualify filed a motion to dismiss claims one through five of the complaint under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. Dkt. 32. Class Representatives responded to the motion on July 31, 2018, by filing the First Amended Complaint ("FAC").[2] Dkt. 40.

The operative FAC asserts thirteen causes of action for: (1) failure to pay minimum wage in violation of Federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201, et seq.); (2) failure to pay minimum wage in violation of state law (Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1); (3) failure to provide accurate wage statements (Cal. Lab. Code § 226); (4) failure to

---

[2] The FAC joined Powerlytics, Inc. as a defendant to the Action. On February 19, 2019, the Court granted Class Representatives' stipulated request to voluntarily dismiss all claims against Powerlytics, Inc. Dkt. 76.



3

Plaintiffs' Motion for Final                                    Case No. 3:18-cv-01791-JCS
Approval of Class Action Settlement

reimburse required business expenses (Cal. Lab. Code § 2802); (5) failure to pay earned wages upon discharge (Cal. Lab. Code §§ 201-203); (6) false advertising (Cal. Bus. & Prof. Code § 17500); (7) unfair competition (Cal. Bus. & Prof. Code § 17200); (8) violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.); (9) fraud (Cal. Civ. Code §§ 1709, 1710); (10) negligent misrepresentation (Cal. Civ. Code § 1710(2)); (10) breach of implied contract; (12) quantum meruit; and (13) civil theft (Cal. Pen. Code § 496). Dkt. 40. Claim one (FLSA) is asserted by all Class Representatives and the FLSA Collective. Claims two through five (California Labor Code violations) are asserted by Class Representatives Hu, Ramirez, and Fei and the California Subclass. Claims six through thirteen are asserted by all Class Representatives and the Class.

Defendants failed to timely respond to the FAC and the Court entered default against Defendants on September 13, 2018. Dkt. 52. On February 25, 2019, the Court granted Class Representatives' motion to certify the Class and California Subclass, and to conditionally certify the FLSA Collective, defined as follows:

> **Class**: All persons who enrolled in the [GFDP]. Excluded from the Class are Defendants' officers and directors and the immediate families of the Defendants' officers and directors. Also excluded from the Class are the Defendants' legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or have had a controlling interest.
>
> **California Subclass**: All members of the Class who resided in California during any portion of their participation in the [GFDP], and/or who performed work in California for the [GFDP], at any point.
>
> **FLSA Collective**: All persons who enrolled in the [GFDP] while residing in, or who performed work for the project in, the United States or any territory of possession of the United States.

Dkt. 80. By definition, all members of the California Subclass and FLSA Collective are also members of the Class.

Defendants filed a motion to set aside the defaults entered against them on March 5, 2019, and requested that the Action be stayed and referred to a magistrate judge for a judicial settlement conference, which motion Class Representatives opposed. Dkts. 83, 87, 88. On March 6, 2019, the Court issued an Order Rescinding Authorization to Disseminate Class Notices in light of

4



Plaintiffs' Motion for Final  
Approval of Class Action Settlement

Case No. 3:18-cv-01791-JCS

Defendants' motion to set aside the defaults. Dkt. 84. The Court held a hearing on Defendants' motion to set aside the defaults on April 9, 2019, took Defendants' motion under submission, and referred this matter to Chief Magistrate Judge Joseph C. Spero for a settlement conference to be held on April 23, 2019.

Following an arm's-length negotiation, the Parties reached terms of settlement at the April 23, 2019 settlement conference. The Parties thereafter entered into the Class Settlement Agreement. Dkt. 99-1. The Parties jointly moved for preliminary approval of the Settlement, which the Court granted on September 16, 2019, and the Court concurrently granted Defendants' motion to set aside the defaults.[3] Dkts. 99, 107, 109. On November 18, 2019, Class Representatives filed a motion for attorneys' fees, costs, and incentive awards (Dkt. 113), which is scheduled to be heard concurrently with this Motion.

### III. THE SETTLEMENT PROVIDES SUBSTANTIAL RELIEF TO THE CLASS

The Class Settlement Agreement defines the Settlement Class as "all Class Members," including Class Representatives, who do not opt out of the Settlement:

> **Settlement Class**: All Class Members, including Class Representatives, who do not exclude themselves from the Class or Settlement Class, pursuant to the procedures set forth in Section 6.3 of the Settlement Agreement and the Class Notice.

Dkt. 99-1, p. 10. Thus, by definition, the proposed Settlement Class is coextensive with the certified Class, which in turn encompasses all members of the California Subclass and FLSA Collective. In conjunction with granting final approval of the Settlement, the Court may properly decertify the California Subclass and FLSA Collective, enter final judgment as to the Settlement Class and Defendants, and dismiss with prejudice all claims asserted in the Action, while retaining jurisdiction to enforce the Settlement Agreement.

#### A. Settlement Consideration

In exchange for dismissal and release of all claims against Defendants by the Settlement Class, Defendants have agreed to establish a Settlement Fund in an amount no less than $375,000 and no greater than $695,000, comprised of the following:

---

[3] This action was ultimately reassigned to Chief Magistrate Judge Joseph C. Spero. Dkt. 110.



(1) $375,000 to be allocated and paid to the Settlement Class in accordance with the terms of the Class Settlement Agreement;

(2) incentive payments to the Class Representatives in an amount to be determined by the Court, and not to exceed a combined total of $20,000; and

(3) attorneys' fees and costs, in an amount to be determined by the Court and paid to Class Counsel, not to exceed $300,000. Dkt, 99-1 § 3.1.

Within ninety days of this Court's final approval of the Class Settlement, Defendants agree to pay $150,000 into the Settlement Fund, followed by monthly payments of $10,000 until the Settlement Fund is fully paid. Dkt. 99-1 § 3.2. Class Counsel, in its capacity as Settlement Administrator, will hold all funds in, and disperse all funds from, a Settlement Account opened and used solely for the purposes of effectuating this Settlement.

Upon final approval of the Class Settlement by the Court, Defendants have also agreed to sign the Joint Stipulation for Conditional Entry of Final Judgment ("Joint Stipulation"), attached as Exhibit 1 to the Settlement Agreement. Dkt. 99-1 § 3.3. The Joint Stipulation requests that the Court enter a Stipulated Judgment in the amount of $1,000,000 against Defendants, jointly and severally, in the event that (a) Defendants fail to perform any obligation under the Settlement Agreement; (b) Class Representatives have given Defendants written notice specifying the failure to perform; and (c) after the expiration of thirty days following service of such written notice, Defendants have failed to cure the failure to perform. Defendants agree that upon signing the Joint Stipulation, all factual admissions stated therein, including the proposed judgment attached thereto, will have preclusive effect in any future proceeding between either or both Defendants and any Settlement Class Member.

Defendant Plehn-Dujowich has also agreed to sign the Stock Pledge and Security Agreement, attached as Exhibit 2 to the Settlement Agreement, upon final approval of the Settlement Agreement by the Court. Dkt., 99-1 § 3.4. Upon signing, Defendant Plehn-Dujowich will pledge and collaterally assign shares in Powerlytics, Inc., to the Settlement Administrator, for the benefit of the Settlement Class. In the event of any default, the Settlement Administrator would be entitled to dispense with the shares and allocate the proceeds to the Settlement Class.



### B. Notice to the Settlement Class

Class Counsel, in its capacity as Settlement Administrator, diligently carried out the Notice Program set forth in Section 6 of the Settlement Agreement. Michael Decl., ¶¶6-11; Exs. 2-5, 7. This included disseminating the Class Settlement Notice by mail, email, and WeChat where possible. For those email notices which produced a "failed delivery" notification, Class Counsel took reasonable steps to identify an alternative email address and other means of contact, including through social media (Facebook and LinkedIn). In addition, Class Counsel sent a follow-up email reminder to all Settlement Class Members approximately 10 days before the end of the Claims Period, despite no such reminder notice being required by the Settlement or this Court.

Class Counsel also created a Settlement Website, which provided the Settlement Class with details regarding the Settlement, all relevant Court filings, including Class Representative November 18, 2019 motion for attorneys' fees, costs, and incentive awards, and the ability to submit and e-sign a claim online. Michael Decl., Ex. 5.

### C. Claim Submission, Allocation, and Payment of Settlement Funds

The Settlement creates a Settlement Fund in the total amount of up to $695,000. The Settlement Fund shall be paid out in the following order:

(1) Each Class Representative shall be refunded their $2,413 course fee and shall, subject to Court approval, receive an incentive payment not to exceed a combined total of $20,000, split amongst the four Class Representatives;

(2) Any award of attorneys' fees and costs approved by the Court shall be paid to Class Counsel under the Settlement Agreement, which amount is not to exceed $300,000;

(3) The remaining $365,348 of the Settlement Fund will be paid to the Settlement Class Members who submit a valid and timely Claim, in the order in which the Claims were received by the Settlement Administrator.

Defendants are required by the Settlement Agreement to make an initial payment of $150,000 within three months of the final approval of the Settlement, and payments of $10,000 on a monthly basis for approximately five years until the Settlement is paid in full. Dkt. 99-1 § 3.2. All disbursements to the Settlement Class Members shall be made in the order that the Claims were received by Class Counsel (in its capacity as Settlement Administrator). Dkt. 99-1 § 3.5.3. Submitted

with the declaration of Class Counsel is an estimated payment schedule, which is subject to change based on the amounts awarded as attorneys' fees and incentive awards by the Court, and the exact timing of Defendants' payments.

During the 60 day Claims Period, Class Counsel received submission of 132 claims, the vast majority through the Settlement Website. Michael Decl., ¶¶12-15. Of these, 130 were deemed to be valid and supported by Reasonable Documentation, as defined by the Settlement Agreement, by Class Counsel. Michael Decl., ¶13, Ex. 7. Class Counsel did not receive claim submissions from any of the remaining 109 Settlement Class Members, nor did Class Counsel receive any objections or requests to opt out of the Settlement. Michael Decl., ¶16.

Of the two invalid claims, the first was an online submission of the user-generated claim input information (i.e. name, contact information, claimed recognized loss, etc.), without a signed, completed claim form. This information is automatically submitted to Class Counsel upon a claimant's inputting claim information into the claim portal of the Settlement Website. Immediately after a claimant provides the information, the Settlement Website populates a Claim form automatically, and then asks for the claimant to e-sign the claim. In this instance, the prospective claimant submitted the relevant information, but did not sign the claim form, as is required by the Settlement Agreement. Despite Class Counsel's repeated attempts to contact the claimant by email and phone, Class Counsel has not received a completed claim form or Reasonable Documentation from the claimant. Michael Decl., ¶14. As such, pursuant to the terms of the Settlement, the claim is per se invalid and the claimant is not entitled to financial compensation from the Settlement Fund, though he remains a member of the Settlement Class.

The second invalid claim was submitted by an individual on behalf of a corporation based in China, the Education International Cooperation Group Limited ("EIC"). According to the claimant, EIC entered into an agreement with Defendants to recruit students for the GFDP, in exchange for a commission fee (a portion of the "course fee" paid by each recruited student). After the GFDP was discontinued, EIC claims to have refunded 26 of the students it recruited, and now claims to have been damaged in the amount of $51,651. Upon receipt of the claim, Class Counsel conferred with Defendants' counsel, and agreed that EIC did not fit within the definition of the Settlement Class,



which is limited to individuals (not corporations) who enrolled themselves (not others) in the GFDP. Michael Decl., ¶16, Ex. 6. Though the claimant is not entitled to financial compensation under the Settlement Agreement, neither is it bound by any judgment issued in this case.

### D. Settlement Administration

Class Counsel has agreed to serve as the Settlement Administrator for this Settlement. As Settlement Administrator, Class Counsel has been, and will continue to be, responsible for all administrative tasks associated with the Settlement, including: (a) arranging for dissemination of the Class Notices and Claim Forms to Settlement Class Members, in accordance with the Notice Program; (b) answering inquiries from Settlement Class Members; (c) receiving and maintaining on behalf of the Court and the Parties any correspondence regarding requests for exclusion from the Settlement; (d) establishing the Settlement Website that posts Class Notices, Claim Forms, and other related documents, including privileged access to an unredacted version of the Settlement Agreement; (e) receiving and processing Claims and distributing cash payments to Class Representatives, Class Counsel, and Settlement Class Members; and (g) otherwise assisting with implementation and administration of the Settlement Agreement terms. Dkt. 99-1 § 7.

The attorneys' fees incurred in connection with Class Counsel's duties as Settlement Administrator are intended to be accounted for in the Fee and Expense Award set by the Court at the final approval hearing. Dkt. 99-1 § 7.2; Dkt. 113. Class Counsel will not be entitled to claim any additional fees following completion of its duties as Settlement Administrator. *Id.*

### E. Incentive Payments, Attorneys' Fees, and Costs

Details concerning Class Representatives' requests for attorneys' fees, costs, and incentive awards is set forth in their November 18, 2019 motion, which is scheduled to be heard concurrently with this Motion. Dkt 113. In brief, and to avoid unnecessary repetition, Class Representatives request the following: Hu shall receive an incentive payment of up to $6,000; Ramirez shall receive an incentive payment of up to $7,000; Ronceria shall receive an incentive payment of up to $5,000; Fei shall receive an incentive payment of up to $2,000; and Class Counsel shall receive $300,000 in attorneys' fees. Dkt. 99-1 § 3.5.1; Dkt. 113.

Class Representatives incurred $20,560 in additional attorneys' fees since the filing of their fee motion on November 18, 2019, for a total amount of reasonable attorneys' fees in excess of $553,000. Michael Decl., ¶19.

### F. *Cy Pres*

No Settlement Funds are to be returned to Defendants. If, after the final settlement distribution is made to the Settlement Class Members, any portion of the Settlement Fund remains unclaimed, those monies will, subject to the Court's final approval, be paid to the Parties' agreed-upon *cy pres* recipient: UC Berkeley Extension, located at 1995 University Ave., Suite 200, Berkeley, California 94704-7000, subject to the Court's approval in the Final Approval Order. Dkt. 99-1 § 3.5.5.

UC Berkeley Extension offers relatively low cost educational opportunities of a nature similar to that advertised, but not delivered, by Defendants' GFDP. According to information on its website, UC Berkeley Extension does not receive funding from the University of California, and donations it receives are used to develop new curricula and educational formats; create and sustain new public service programs; renovate classroom facilities; and keeping course fees affordable to low-income students.[4] Thus, selection of UC Berkeley Extension as the *cy pres* recipient is highly appropriate, because it offers courses of a nature similar to that which the Settlement Class Members intended to enroll in when enrolling in the GFDP.

## IV. ARGUMENT

### A. The Settlement Class Should Be Certified.

On February 25, 2019, the Court granted Class Representatives' motion for class certification, concluding that the Class satisfied the four prerequisites of Rule 23(a), and that it also met the requirements for certification under Rule 23(b)(3). Dkt. 80. Subsequently, on September 16, 2019, the Court granted preliminary approval of this Settlement and amended its earlier certification order to certify the Settlement Class, which is coextensive with the Class. Dkt. 109. Since then, the Class definition has not changed, and Class Representatives submit that final certification of the

---

[4] UC Berkeley's website may be accessed at the following url: https://extension.berkeley.edu/static/about/give/?linkid=footernav.

Settlement Class pursuant to Rules 23(a) and (b)(3), for settlement purposes only, is proper for all reasons set forth in their earlier class certification motion and in the Court's Orders certifying the Class and Settlement Class.

### B. The Settlement Is Fair, Reasonable, and Adequate.

A class action settlement cannot become binding unless the presiding court determines that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3). The Ninth Circuit has establish the following list of factors for courts to consider when evaluating whether a proposed settlement satisfies this standard: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) whether the settlement is a product of collusion among the parties. *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

In addition, when, as here, a proposed settlement class is certified under Rule 23(b)(3), the class must be given "the best notice that is practicable under the circumstances," and the substance of that notice must comply with Rule 23(c)(2)(B). The Settlement in this Action satisfies all of these requirements.

### 1. Class Representatives' assert meritorious claims.

Class Representatives claims have strong factual foundations: the substance of Defendants' representations, the falsity of those representations, the nature of the work performed, and the monetary damages suffered by those that paid Defendants for a service not rendered is apparent, and is largely undisputed by the Parties. *See, e.g.*, Plehn-Dujowich Decl., ¶¶1-33 [Dkt. 83-1] (Dr. Plehn-Dujowich admits that he created the GFDP, priced it a manner that undercut his employer, the University of California, and subsequently became overwhelmed and "shut down"); FAC Exs. A—U; Zhang Class Cert. Decl., ¶5, Exs. 1-2; Hu Class Cert. Decl., ¶¶3-9; Ramirez Class Cert. Decl., ¶¶3-9; Ronceria Class Cert. Decl., ¶¶3-9; Fei Class Cert. Decl., ¶¶3-9.



As result of these facts, Class Representatives are likely to prevail on some or all of claims six through thirteen for false advertising, unfair competition, violation of the California Consumer Legal Remedies Act, fraud, negligent misrepresentation, breach of contract, quantum meruit, and civil theft. Accordingly, they are likely to prove that they are entitled to significant monetary relief, including compensatory damages, penalties, treble damages, punitive damages, attorneys' fees, and costs. *See, e.g.*, Cal. Pen. Code § 496(c); Cal. Civ. Code § 1780(e); *Kim v. Euromotors W./The Auto Gallery*, 149 Cal. App. 4th 170, 181 (2007) (a plaintiff is a "prevailing plaintiff" under the Consumer Legal Remedies Act when he obtains net monetary recovery "because of a judgment or settlement").

Class Representatives' employment claims for unpaid wages and other labor code violations, however, are based on novel theories of employment. Their ability to recover from Defendants under such theories would require that they overcome significant factual and legal challenges in order to establish their status as employees of Defendants. There is considerable uncertainty as to Class Representatives' ability to succeed on these claims. Nevertheless, Class Representatives' ability to recover compensation does not hinge on the success or failure of these more challenging employment claims, as they are nevertheless entitled to substantial compensation as a result of the asserted fraud, breach of contract, and related claims.

### 2. Proceeding with litigation would be risky and delay recovery.

As with all litigation, success is not guaranteed, including because different jurors may require unknowably different types or volumes of evidence to be convinced at trial. Even assuming liability could be shown at trial, the Settlement Class's ability to recover on any judgment obtained is doubtful, based on Class Counsel's investigation of the financial status of the Defendants. This problem is magnified when taking into consideration the additional attorneys' fees and costs that would be incurred by the Settlement Class if this case were to proceed through trial and/or become subject to any appeal. Based on its detailed investigations, Class Counsel has concluded that the Class Settlement is fair, adequate, and reasonable in light of these and other considerations. Dhillon Decl. [Dkt. 99-6], ¶15.

Class Representatives' ability to maintain certification of the FLSA Collective in relation to the FLSA minimum wage claims also presents considerable risk. For the reasons discussed above,



Class Representatives' ability to prove their status as employees of Defendants faces significant factual and legal challenges. Further, Defendants were in default at the time of the Court's issuance of its order initially certifying the Class. Now that Defendants' defaults have been set aside by the Court (Dkt. 107), Class Representatives may face further challenges pertaining to Class certification.

### 3. The Settlement is substantial and will provide all claimants with more than a full refund of their "course fees"

Defendants have agreed to pay the Settlement Class Members $375,000, to be split amongst the Settlement Class in the manner set forth above. Defendants will also pay Class Counsel an amount to be determined by the Court, and not to exceed $300,000, to compensate the Settlement Class for reasonable attorneys' fees, costs, and expenses incurred in connection with securing the Class Settlement and in serving as Settlement Administrator.

Class Counsel has received 130 valid Claims for compensation. Michael Decl., ¶13. The Settlement will provide each such claimant with a full refund of the amount paid to Defendants in the form of a "course fee" (typically in the amount of $2,413), plus an additional $459.81. The vast majority of claimants will receive approximately $2,870—an excellent result. Michael Decl., Ex. 7.

### 4. The proceedings are sufficiently advanced to permit final approval of the Settlement, which is also favored by experienced and skilled Class Counsel

Class Representatives initiated this Action in March 2018. Since that time, they and Class Counsel have diligently sought to discover information and evidence relevant to the Class claims asserted in this Action. Such efforts include: Class Representatives' independent efforts to investigate and compile information, correspondence, and other materials prior to retaining counsel; Class Counsel's interviewing of witnesses and pursuit of voluntary production of information and documents by Defendants; Class Counsel's issuance of several subpoenas to third-parties, including Bank of America, Intuit, Massachusetts Institute of Technology, the University of California, and WholeRen, in response to which a majority of the subpoenaed entities produced responsive documents; and the depositions of Defendant Plehn-Dujowich and the CEO of Powerlytics, Inc. Dhillon Decl. [Dkt. 99-6], ¶¶3-8.



Plaintiffs' Motion for Final  
Approval of Class Action Settlement

Case No. 3:18-cv-01791-JCS

The terms of Class Settlement were reached only after the foregoing investigation and discovery took place, and after Class Counsel reviewed documents pertaining to Defendants' financial status. Dhillon Decl. [Dkt. 99-6], ¶15; Dhillon Decl. [Dkt. 113-1], ¶15 (describing Class Counsel's initial skepticism toward Defendants' interest in settlement). Based on Class Counsel's review of the facts, evidence, law, and Defendants' financial information, and in light of Class Counsel's considerable skill and experience, it is Class Counsel's sincere belief that the Class Settlement is fair, adequate, and reasonable. Dhillon Decl. [Dkt. 99-6], ¶18.

### 5. The Parties provided notice of the proposed Settlement to all appropriate governing bodies.

While no government actor has participated in this Action, all relevant authorities have been notified of the proposed Settlement. Michael Decl., ¶¶2-5, Ex. 1. Indeed, the University of California – an arm of the State of California, and Dr. Plehn-Dujowich's employer at the time of the GFDP operation – has been aware of the facts giving rise to this dispute for nearly three years, as established by communication between the university and Settlement Class Members. FAC Ex. R. Accordingly, such actors have had ample notice and opportunity to participate in this Action.

### 6. The reactions of Class Members have been entirely positive.

Of the 238 Settlement Class Members, 130 submitted a valid Claim and are entitled to receive substantial compensation pursuant to the terms of the proposed Settlement. Michael Decl., ¶13. None of the Settlement Class Members objected to the Settlement. Michael Decl., ¶16. Likewise, none of the Settlement Class Members requested to opt out of the Settlement. Michael Decl., ¶16. Accordingly, final approval of the Settlement is proper.

### 7. The Settlement is the Product of Serious, Informed, and Arm's-Length Negotiations

"An initial presumption of fairness is usually involved if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted); *see also Rodriguez v. W. Publishing*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").



Here, Class Representatives and Class Counsel have worked diligently for nearly two years prior to agreeing to the terms of the proposed Class Settlement. The Parties were at all times adversarial, and past attempts at reaching a resolution, including through private mediation, had failed. Dhillon Decl. [Dkt. 60-2], ¶14. Class Counsel is well-apprised of the facts of this case, has reviewed financial information and documents disclosed by Defendants prior to reaching the terms of Settlement, and enthusiastically supports the proposed Settlement. Dhillon Decl. [Dkt. 99-6], ¶18.

### C. Notice to the Settlement Class Has Satisfied the Requirements of Rule 23

Rule 23 requires that the best notice practicable be sent to all class members who will be bound by the proposed Settlement if they have not opted out. See Fed. R. Civ. P. 23(c)(2)(B), (e)(1). *See, e.g., Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1129 (N.D. Cal. 2009) (noting that email is likely to be just as, if not more, likely to effectuate notice than first class mail); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 601 (N.D. Cal. 2015) (permitting notice to class by email); *Evans v. Linden Research, Inc.*, No. C-11-01078 DMR, 2014 WL 1724891, at *3 (N.D. Cal. Apr. 29, 2014) (same); *Fuentes v. Compadres, Inc.*, No. 17-cv-01180-CMA-MEH, 2018 WL 2126840, at *7 (D. Colo. May 9, 2018) (concluding that social media was an efficient method, particularly where potential opt-ins are young and transient, because email and physical addresses may not be reliable or durable forms of contact); *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 1198593, at *5 (N.D. Cal. Mar. 16, 2015) (approving the use of Facebook to supplement notice methods, finding it particularly useful where most potential opt-ins are college-aged).

As detailed in the Declaration from Gregory R. Michael, Class Counsel faithfully executed the notice program approved by the Court at the preliminary approval stage, and in fact exceeded such requirements, including by sending a reminder notice approximately 30 days prior to the close of the Claims Period. Accordingly, the notice requirement of Rule 23 has been amply satisfied and final approval of the Settlement is proper.

### V. CONCLUSION

For the foregoing reasons, Class Representatives respectfully request that the Court grant the Motion for Final Approval of the Class Settlement.



15

Plaintiffs' Motion for Final  
Approval of Class Action Settlement

Case No. 3:18-cv-01791-JCS

Respectfully submitted,

Date: January 24, 2020        DHILLON LAW GROUP INC.

By: /s/ Harmeet K. Dhillon
    Harmeet K. Dhillon (SBN: 207873)
    Krista L. Baughman (SBN: 264600)
    Gregory R. Michael (SBN: 306814)

    Attorneys for Plaintiffs and Settlement Class

