UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIUZI HU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSE M. PLEHN-DUJOWICH, et al.,<br><br>    Defendants. | Case No. 18-cv-01791-AGT<br><br>**ORDER GRANTING (I) MOTION FOR ENTRY OF STIPULATED JUDGMENT (II) MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. Nos. 131, 133 |

    I.    <u>MOTION FOR ENTRY OF STIPULATED JUDGMENT</u>

Two years ago, the Court approved the parties' class-action settlement and entered judgment in favor of the plaintiffs. *See* Dkt. 123–24. Under the settlement agreement, the defendants agreed to pay the settlement administrator $150,000 within ninety days of the approval date, and to pay an additional $10,000 per month until the total amount paid reached the judgment amount, of $695,000. *See* Dkt. 99-1, Settlement §§ 3.1, 3.2.

The settlement also required the defendants and class counsel to execute a "Joint Stipulation for Conditional Entry of Final Judgment." *Id.* §§ 2.16, 3.3. Pursuant to the joint stipulation, the defendants agreed that if they failed to make full and timely payments to the settlement administrator, then class counsel could seek relief from judgment, pursuant to Rule 60(b), and request entry of a stipulated judgment with more onerous terms. *See id.* §§ 3.3.2, 13.3, Ex. 1. Under the stipulated judgment, the total judgment amount would increase from $695,000 to $1,000,000, and the defendants would admit as true certain facts related to liability. *See* Settlement §§ 2.34, Ex. 1.

After the Court approved the settlement, the defendants timely made their initial payment of $150,000. But soon after, they started missing monthly-payment due dates. At first, the payments were just late; but then the payments stopped coming altogether, despite repeated efforts by class counsel to obtain them. *See* Dkt. 131-1, Dhillon Decl. ¶¶ 2–37, Exs. A–E. Before the payments stopped, the defendants had paid $130,000 in monthly installments. *See* Dkt. 131 at 6–7. This was in addition to their initial payment of $150,000. Now, however, the defendants are at least $60,000

in arrears. *See id.*; Dhillon Decl. ¶ 37.

In response, class counsel has asked the Court to vacate the original judgment and to enter the stipulated judgment, with an offset for the amount the defendants have paid. The requested relief is appropriate. The defendants have failed to pay what they owe; class counsel has sent the defendants multiple notices of default; and more than 30 days have passed since notice was given, but the defendants have failed to cure. By the terms of the settlement and the parties' joint stipulation, entry of the stipulated judgment is now warranted. *See* Settlement §§ 2.16, 13.4.

The original judgment is hereby vacated, pursuant to Rule 60(b)(6), and the parties' stipulated judgment will be entered momentarily. The stipulated judgment will be for $720,000, which is $1,000,000, the stipulated-judgment amount, minus $280,000, the amount the defendants have paid to date. As part of the stipulated judgment, class counsel will also be awarded $14,760 in attorneys' fees and $24 in costs. These fees and costs were reasonably incurred to enforce the settlement agreement. *See* Dkt. 144, Dhillon Supp. Decl. ¶¶ 1–17. And in their joint stipulation, the parties agreed that class counsel would be "entitled to recover reasonable fees and costs incurred in enforcing the Final Judgment." Dkt. 137 at 4.

As for the joint stipulation, class counsel filed it provisionally under seal. No good cause to keep it under seal has been identified, so the Court will enter it on the public docket.

## II.  MOTION TO WITHDRAW AS COUNSEL

Defense counsel has lost contact with the defendants—despite repeated emails and phone calls—and seeks to withdraw as counsel. *See* Dkt. 133. Counsel cannot be expected to adequately represent his clients if he cannot communicate with them, so the Court finds good cause for counsel's request and grants his motion.

**IT IS SO ORDERED.**

Dated: April 4, 2022

_____
ALEX G. TSE
United States Magistrate Judge